

ENTERED
08/22/2019

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| VICTOR JARAMILLO LOPEZ; dba § | CASE NO: 16-70134 | |
| JARAMILLO REAL ESTATE & § | | |
| INVESTMENTS, LLC; dba RED & HOT § | | |
| PRODUCE LC § | | |
|     Debtor § | | |
| § | CHAPTER 7 | |
| _____ § | | |
| MICHAEL B. SCHMIDT § | | |
|     Plaintiff § | | |
| § | | |
| VS. § | ADVERSARY NO. 16-7014 | |
| § | | |
| MAYELA GURROLA SOSA, *et al* § | | |
|     Defendants § | | |

**MEMORANDUM OPINION**
*Resolving ECF Nos. 102, 103*

  Pending before the Court are two competing motions: Michael B. Schmidt's ("*Plaintiff*") Motion for Partial Summary Judgment ("*Plaintiff's Motion*"), and San Jacinto Title Services of Texas, LLC's ("*San Jacinto*") Amended Motion for Summary Judgment ("*San Jacinto's Motion*"). After reviewing the pleadings, the summary judgment evidence submitted, and oral arguments of the parties at the August 1, 2019 hearing, this Court finds that Plaintiff's Motion should be granted in part and denied in part, and San Jacinto's Motion should be granted in toto.

       **I.  Background**

  On July 11, 2016, Plaintiff filed his Complaint against Mario Sepulveda ("*Sepulveda*") and Mayela Gurrola Sosa ("*Sosa*"), seeking avoidance of a transfer pursuant to 11 U.S.C. §§ 548, 544, and the Texas Uniform Fraudulent Transfer Act ("*TUFTA*"), and claiming fraud, fraud in a

real estate transaction, breach of fiduciary duty, and breach of contract.[1] Plaintiff alleged that Sosa—in breach of a divorce and settlement agreement between her and her former husband, Victor Jaramillo Lopez ("*Debtor*")—fraudulently transferred real property that Debtor had an interest in, to Sepulveda.[2] The real property in question is located at 5714 North 3d Lane, McAllen, Texas, and is recorded as: "Lot Thirty (30), Block One (1), NEREA ESTATES, an addition to the City of McAllen, Hidalgo County, Texas, according to the map or plat thereof recorded in Volume 48, Page 200, Map Records Hidalgo County, Texas, reference to which is here made for all purposes" (the "*Property*").[3]

Plaintiff amended his Complaint on March 14, 2017 adding San Jacinto as a defendant.[4] Plaintiff and San Jacinto filed competing motions for summary judgment on October 13, 2017,[5] but before the two motions could be heard, this Court abated the Adversary Proceeding.[6] On December 19, 2018, this Court issued a Comprehensive Scheduling, Pre-Trial & Trial Order ("*Scheduling Order*") which unabated the Adversary Proceeding.[7] Under the Scheduling Order, Plaintiff had until January 9, 2019 to file an amended complaint, and the parties had until March 20, 2019 to file dispositive motions.[8]

On December 26, 2018, Plaintiff timely filed his Second Amended Complaint ("*Second Complaint*") to, inter alia, add a claim for negligence.[9] Several months later, Plaintiff filed a Motion for Partial Summary Judgment on March 20, 2019,[10] a Motion for Leave to File

---

[1] ECF No. 1.
[2] *Id.*
[3] ECF No. 102-2.
[4] ECF No. 23 at 4, ¶ 10.
[5] ECF Nos. 53, 54.
[6] ECF No. 74.
[7] ECF No. 94.
[8] *Id.*
[9] ECF No. 98.
[10] *Id.*

Amended Motion for Partial Summary Judgment on March 22, 2019[11] ("*Motion to Amend*"), and an Amended Motion for Partial Summary Judgment on March 22, 2019[12] ("*Amended Motion*"). San Jacinto filed its Amended Motion for Summary Judgment on March 20, 2019.[13]

## II. Conclusions of Law

### A. Jurisdiction, Venue, and this Court's Constitutional Authority to Enter a Final Order

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334 and now exercises its jurisdiction in accordance with Southern District of Texas General Order 2012–6.[14] While bankruptcy judges can issue final orders for core proceedings, absent consent, they can only issue reports and recommendations for non-core proceedings.[15] Here, although Plaintiff consented to the entry of final orders and judgments by this Court,[16] Defendant San Jacinto did not consent.[17]

This court determines that pursuant to 28 U.S.C. § 157(b)(2), this Adversary Proceeding contains core matters, as it primarily involves proceedings to determine, avoid, or recover a fraudulent conveyance.[18] To the extent that non-core claims are involved, this court finds that resolution of such claims are inextricably intertwined with resolution of the core claims regarding fraudulent conveyances.[19] As such, this Court may enter final orders and judgments.

---

[11] ECF No. 105.
[12] ECF No. 106.
[13] ECF No. 103.
[14] *In re*: *Order of Reference to Bankruptcy Judges*, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).
[15] 28 U.S.C. § 157(b)(1)–(c).
[16] *See* ECF No. 100.
[17] *See* ECF No. 101.
[18] *See* 11 U.S.C. § 157(b)(2)(H).
[19] *See In re Spillman Development Group, Ltd.*, 710 F.3d 299, 306 (5th Cir. 2013) (holding that creditor's state contract–law claims were inextricably intertwined with the interpretation of a right created by federal bankruptcy law); *Honigman, Miller, Schwartz & Cohn v. Weitzman* (*In re DeLorean Motor Co.*), 155 B.R. 521, 525 (9th Cir. BAP 1993) (holding that an otherwise non–core state law claim was inextricably tied to the determination of an administrative claim against the estate and similarly tied to questions concerning the proper administration of the estate); *Maitland v. Mitchell* (*In re Harris Pine Mills*), 44 F.3d 1431, 1438 (9th Cir. 1995) (citing *Honigman, Miller,*

However, should the Honorable United States District Court find that the Bankruptcy Court did not have authority to enter final orders and judgments, this Court requests that the District Court convert this Memorandum Opinion into a Report and Recommendation. Finally, venue is governed by 28 U.S.C. §§ 1408, 1409. Here, venue is proper because the Court presided over the underlying Bankruptcy Case.[20]

### III.   Analysis

a. **Late Filed Motions**

As a preliminary matter, this Court finds that pursuant to its Scheduling Order, the last day to file dispositive motions was March 20, 2019.[21] Plaintiff's Motion to Amend and Amended Motion were filed on March 22, 2019.[22] Therefore, this Court will only consider Plaintiff's Motion for Partial Summary Judgment,[23] and San Jacinto's Amended Motion for Summary Judgment,[24] both of which were filed on March 20, 2019.

b. **Plaintiff's Motion**

Federal Rule of Bankruptcy Procedure 7056 incorporates FED. R. CIV. P. 56.[25] Under Rule 56, this Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[26] As stated by the Supreme Court:

---

*Schwartz & Cohn* with approval); *see also CDX Liquidating Trust v. Venrock Assoc.*, No. 04–7236, 2005 WL 3953895, at *2 (N.D. Ill. Aug. 10, 2005) (holding that where non–core claims were inextricably intertwined with core claims, the non–core claims should be treated as core claims); *Electric Machinery Enterprises, Inc. v. Hunt Construction Group, Inc.* (*In re Electric Machinery Enterprises, Inc.*), 416 B.R. 801, 866–67 (Bankr. M.D. Fla. 2009) (adopting inextricably intertwined approach).
[20] Bankr. ECF No. 1.
[21] ECF No. 94.
[22] ECF Nos. 105, 106.
[23] ECF No. 102.
[24] ECF No. 103.
[25] FED. R. BANKR. P. 7056.
[26] FED. R. CIV. P. 56(a); *see Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1286 (5th Cir. 1990) (citing *Waltman v. International Paper Co.*, 875 F.2d 468, 474 (5th Cir. 1989)).

"[u]nder Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[27]

This Court is not required to state findings of fact when ruling on a motion for summary judgment.[28] However, if this Court does not grant all the relief requested by the motion, this Court may state material facts that are not genuinely in dispute and treat such facts as established in the case.[29] Plaintiff's Motion, by way of exhibits, seeks to have this Court find a number of critical facts as not in dispute. After careful examination, the following facts are established:

1. Plaintiff's Exhibit 1 attached to Plaintiff's Motion is a true and correct copy of the Decree of Divorce recorded on November 20, 2014, in the Official Public records, Hidalgo County, Texas, for Cause No. F-3243-11-7, filed in the County Court at Law No. 7, Hidalgo County, Texas.[30]

2. Plaintiff's Exhibit 2 attached to Plaintiff's Motion is a true and correct copy of the Notice of Lis Pendens recorded on September 30, 2014, in the Official Public Records, Hidalgo County, Texas, giving notice the Property was affected by Cause No. F-3243-11-7, pending in the County Court at Law No. 7, Hidalgo County, Texas. Defendants Sosa and Sepulveda were provided actual notice of Debtor's claims to the Property via Plaintiff's Exhibit 2, and all Defendants were on constructive notice of Debtor's claims, via the filed Notice of Lis Pendens and the Decree of Divorce.[31]

3. Plaintiff's Exhibit 3 attached to Plaintiff's Motion is a true and correct copy of an undated Mediated Settlement Agreement wherein on Page 4 of 6 it provides, inter alia, that "Mayela Gurrola Sosa shall have until August 21, 2015 to sell or refinance the property located at 5714 N. 3d Lane, McAllen, Texas."[32]

4. Plaintiff's Exhibit 4 attached to Plaintiff's Motion is a true and correct copy of the

---

[27] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[28] *See* FED. R. BANKR. P. 7052 (incorporating FED. R. CIV. P. 52, which states in relevant part under section (a) subsection (3): "[t]he court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any motion.").
[29] *See* FED. R. CIV. P. 56(g).
[30] ECF No. 102-1.
[31] ECF No. 102-2.
[32] ECF No. 102-3.

settlement statement for the closing of the transfer of Property from Defendant Mayela Gurrola Sosa to Defendant Mario Sepulveda.[33]  Further, this Court finds that within Plaintiff's Exhibit 4,

a. The sale price paid by Defendant Mario Sepulveda at the closing for the transfer of the Property was $240,000.00;

b. Defendant Mayela Gurrola Sosa initially paid $38,540.47 so the closing of the transfer of Property would occur;

c. Defendant Mayela Gurrola Sosa further paid $10,000.00 for Defendant Mario Sepulveda's closing costs so the closing of the transfer of Property would occur; and

d. Defendant Mario Sepulveda paid $2,768.84 at the closing of the transfer of the Property.

Plaintiff's Exhibits 5, 6, 7, 8, 9, 10, attached to Plaintiff's Motion, and paragraphs f, g, j, k, l, m, n, o, p, q, r, s, t, u, within Plaintiff's Motion, lead to factual disputes which can only be resolved by final trial on the merits.[34]

c. **San Jacinto's Motion**

San Jacinto's Motion attempts to rebut Plaintiff's claims by arguing that as broker and escrow agent, it owed no legal duties to Plaintiff.[35]  In Texas, an escrow agent is a third party depositary of an escrow.[36]  An escrow is a document or other property held by the escrow agent until the occurrence of a specified event, at which time the agent makes disbursement or delivery in accordance with the parties' instructions.[37]  An escrow agreement is the instructions given to the escrow agent, and is made for the purpose of preserving documents or property so they will be available for disbursement or delivery when authorized.[38]  An escrow agent has three fiduciary duties: (1) the duty of loyalty; (2) the duty to make full disclosure; and (3) the duty to

---

[33] ECF No. 102-4.
[34] *See id.*
[35] ECF Nos. 98, 103.
[36] *Vector Indus., Inc. v. Dupre*, 793 S.W.2d 97, 101 (Tex.App.—Dallas 1990, no pet.).
[37] *Hudgins v. Krawetz*, 558 S.W.2d 131, 133–34 (Tex. Civ. App.—San Antonio 1977, no writ).
[38] *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex.App.—Dallas 2008, no pet.).

exercise a high degree of care to conserve the money and pay it only to those persons entitled to receive it.[39] An escrow agent has no fiduciary duty to investigate title or point out any outstanding encumbrances, and the nondisclosure of a title defect does not fall within the scope of an escrow agent's fiduciary obligations.[40] The escrow agent's fiduciary duties cannot extend beyond the beneficiaries of the escrow contract.[41] Because an escrow agent's fiduciary duty only extends to parties to the escrow contract, there is no duty—and thus no negligence liability—to a non-party creditor of a party to the escrow agreement.[42]

Here, Sosa entered into a real estate sales contract to sell property to Sepulveda, property which Debtor allegedly had rights to.[43] Pursuant to the escrow agreement, San Jacinto acted as the broker of the title insurance policy and escrow agent to the real estate sales transaction at issue between Sosa and Sepulveda.[44] Plaintiff was not a party to the sales transaction between Sosa and Sepulveda.[45] As escrow agent, San Jacinto's three fiduciary duties—the duty of loyalty, full disclosure, and exercising high degree of care to conserve the money and pay it only to those persons entitled to receive it—extended only to Sosa and Sepulveda, and not to Plaintiff.[46] San Jacinto's fiduciary duties were strictly limited to the two parties to the contract,[47]

---

[39] *Trevino v. Brookhill Capital Resources, Inc.*, 782 S.W.2d 279, 281 (Tex.App.—Houston [1st Dist.] 1990, writ denied denied).

[40] *IQ Holdings, Inc. v. Stewart Title Guar. Co.*, 451 S.W.3d 861, 872 (Tex.App.—Houston [1st Dist.] 2014, no pet.); *cf. Wolff v. Commercial Standards Ins. Co.*, 345 S.W.2d 565, 569 (Tex.App.—Houston 1961, writ ref'd n.r.e.) (because a title insurer owes no duty to point out any outstanding encumbrances, the only duty imposed upon a title insurer was to protect their insureds against any loss as the result of defects in the title or outstanding encumbrances).

[41] *Trevino*, 782 S.W.2d at 281; *see also Jeffmor, Inc. v. Chicago Title Ins. Co.*, 839 S.W.2d 161 (Tex.App.—Fort Worth 1992, no writ) (holding that an escrow agent's legal duties extends no further than to the parties to the original closing transaction); *Holder-McDonald v. Chicago Title Ins. Co.*, 188 S.W.3d 244, 248 (Tex.App.—Dallas 2006, no pet.); *Dailey v. Thorpe*, 445 S.W.3d 785, 789 (Tex.App.—Houston [1st Dist.] 2014, no pet.); *Flagstar Bank, FSB v. Walker*, 451 S.W.3d 490, 499 (Tex.App.—Dallas 2014, no pet.).

[42] *Gary E. Patterson & Assocs., P.C. v. Holub*, 264 S.W.3d 180, 203 (Tex.App.—Houston [1st Dist.] 2008, no pet.).

[43] ECF Nos. 103-1, 103-2, 103-3.

[44] ECF No. 103-2.

[45] *See* ECF Nos. 103-1 at 17, 103-2.

[46] *Trevino*, 782 S.W.2d at 281.

[47] *Id.*; *see* ECF No. 103-2.

and neither owed fiduciary duties to Plaintiff—a non-party—nor owed a duty to insure that Sepulveda had clear title to the property. As such, San Jacinto's Motion should be granted in toto.

## IV. Conclusion

Pending before this Court is Plaintiff's Motion for Partial Summary Judgment, and San Jacinto Title Services of Texas, LLC's Amended Motion for Summary Judgment. For the reasons stated above, it is

**ORDERED** that:

1. Pursuant to this Court's Scheduling Order, the last day to file dispositive motions was March 20, 2019. Therefore, the Court only considered the motions filed at ECF Nos. 102 and 103. The motions filed at ECF Nos. 105 and 106 are DENIED.

2. Plaintiff's Exhibit 1 attached to Plaintiff's Motion is a true and correct copy of the Decree of Divorce recorded on November 20, 2014, in the Official Public records, Hidalgo County, Texas, for Cause No. F-3243-11-7, filed in the County Court at Law No. 7, Hidalgo County, Texas.

3. Plaintiff's Exhibit 2 attached to Plaintiff's Motion is a true and correct copy of the Notice of Lis Pendens recorded on September 30, 2014, in the Official Public Records, Hidalgo County, Texas, giving notice the Property was affected by Cause No. F-3243-11-7, pending in the County Court at Law No. 7, Hidalgo County, Texas. Defendants Sosa and Sepulveda were provided actual notice of Debtor's claims to the Property via Plaintiff's Exhibit 2, and all Defendants were on constructive notice of Debtor's claims, via the filed Notice of Lis Pendens and the Decree of Divorce.

4. Plaintiff's Exhibit 3 attached to Plaintiff's Motion is a true and correct copy of an undated Mediated Settlement Agreement wherein on Page 4 of 6 it provides, inter alia, that "Mayela Gurrola Sosa shall have until August 21, 2015 to sell or refinance the property located at 5714 N. 3d Lane, McAllen, Texas."

5. Plaintiff's Exhibit 4 attached to Plaintiff's Motion is a true and correct copy of the settlement statement for the closing of the transfer of Property from Defendant Mayela Gurrola Sosa to Defendant Mario Sepulveda. Further, this Court finds that within Plaintiff's Exhibit 4,

    a. The sale price paid by Defendant Mario Sepulveda at the closing for the

      transfer of the Property was $240,000.00;

    b. Defendant Mayela Gurrola Sosa initially paid $38,540.47 so the closing of the transfer of Property would occur;

    c. Defendant Mayela Gurrola Sosa further paid $10,000.00 for Defendant Mario Sepulveda's closing costs so the closing of the transfer of Property would occur; and

    d. Defendant Mario Sepulveda paid $2,768.84 at the closing of the transfer of the Property.

6. Plaintiff's Exhibits 5, 6, 7, 8, 9, 10, attached to Plaintiff's Motion, and paragraphs f, g, j, k, l, m, n, o, p, q, r, s, t, u, within Plaintiff's Motion, lead to factual disputes which can only be resolved by final trial on the merits and as such are DENIED.

7. Defendant San Jacinto Title Services of Texas, LLC's Amended Motion for Summary Judgment is GRANTED in toto.

8. All of Plaintiff's claims as to the remaining defendants, Mayela Gurrola Sosa and Mario Sepulveda, will be resolved at final trial and on the merits.

SIGNED 08/22/2019.

                                          Eduardo V. Rodriguez
                                        United States Bankruptcy Judge